UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JAIME COOPER                                              CIVIL ACTION

VERSUS                                                    NO: 06-892

FAITH SHIPPING, ET AL.                                    SECTION: R

**ORDER AND REASONS**

Before the Court is intervenor American Longshore Mutual Association's Motion for Reconsideration of the Court's July 28, 2008 Order.  For the following reasons, the Court DENIES the motion.

**I.   BACKGROUND**

The background of this case is set out in detail in the Court's July 28, 2008 Order and Reasons.  *See Cooper v. Faith Shipping*, Civ. No. 06-892, 2008 WL 2952356 (E.D. La. July 28, 2008).  To briefly summarize, plaintiff Jaime Cooper, a longshoreman, was severely injured while unloading pallets of baler twine from the M/V Clipper Faith.  He filed suit in this Court, asserting claims for, *inter alia*, vessel negligence pursuant to 33 U.S.C. § 905(b).  Defendants Faith Shipping Company, Dockendale Shipping Company, and Bossclipp B.V. ("the vessel interests") filed

a motion for summary judgment, arguing that the claims against them should be dismissed because they had not breached any of the § 905(b) duties outlined in *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156 (1981)--the "turnover duty," the "active control duty," and the "duty to intervene."  This Court granted the motion with respect to the turnover duty and the duty to intervene and denied it with respect to the active control duty.  *Cooper*, 2008 WL 2952356 at *5-*7.  Intervenor American Longshore Mutual Association ("ALMA"), the workers' compensation insurer for plaintiff's employer, has now filed a motion asking the Court to "reinstate plaintiff's claim for breach of the turnover duty."  (R. Doc. 87-2 at 2.)  The Court rules as follows.

## II.   LEGAL STANDARD

ALMA's motion asks the Court to vacate part of an earlier judgment.  (*See* R. Doc. 87-2 at 6.)  Because the motion was filed within ten days of the entry of the earlier judgment, the Court will treat it as a motion to alter or amend the judgment under FED. R. CIV. P. 59(e).  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).

Rule 59(e) authorizes a district court to alter, amend, or vacate a previously entered judgment.  *See* 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2810.1 (2d ed. 1995).  "Reconsideration of a judgment after its entry is an extraordinary

-2-

remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although a district court has "considerable discretion in deciding whether to reopen a case under Rule 59(e)," its discretion is not without limit. *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a Rule 59(e) motion, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet,* 367 F.3d at 478-79.

## III. DISCUSSION

To carry their burden on summary judgment, plaintiff and ALMA were required to demonstrate that there was a genuine issue of material fact as to whether the vessel interests had breached their duty to turn the vessel over to the stevedoring company in a reasonably safe condition and/or to warn of a non-obvious defect.[1] *See Cooper*, 2008 WL 2952356 at *2; *Kirksey v. Tonghai Maritime*, 535 F.3d 388, 392 (5th Cir. 2008). In attempting to meet this burden, ALMA argued that two separate hazards had caused the plaintiff's

---

[1] Two other duties that were at issue in the motion for summary judgment have not been questioned in the present motion.

injuries.  First, ALMA pointed out that the vessel's cargo had shifted during the voyage and was leaning at the time of the turnover.  All of the parties acknowledged this to be true.  *See Cooper*, 2008 WL 2952356 at *3.  Nevertheless, the leaning cargo would probably not have amounted to a *hidden* defect because there was substantial evidence indicating that plaintiff's employer was aware of the danger.  *See id.; see also id.* at *4 (finding that a shipowner has "no duty to warn of an incident that creates a risk of shifting cargo and an unstable stow" when the stevedore "has actual knowledge of the conditions in the hold.") (quoting *Kirksey*, 535 F.3d at 393).  In apparently recognition of this fact, ALMA argued only that the obviousness of the leaning cargo should not exonerate the vessel interests from liability because the plaintiff had no option other than to work with the hazardous cargo.  (*See* R. Doc. 54-1 at 13-14; *see also id.* at 13 ("It is well-established that a vessel owner may not avail itself of the open and obvious defense to the turnover duty if the stevedore had no option but to continue working with the defect.").)  The Court rejected this argument, finding that the narrow circumstances in which the "no alternative" exception can be invoked were not present in this case.  *See Cooper*, 2008 WL 2952356 at *5.  ALMA does not challenge this holding in its Rule 59(e) motion.

Second, ALMA argued that the cargo on the port side of the vessel, where the plaintiff was injured, had become "weaker than

the rest" as the result of a severe roll during the voyage.  (R. Doc. 54-1 at 10.)  According to ALMA, the weakened condition of the port side cargo was not obvious to the plaintiff's employer but should have been known to the vessel interests because their employees were on the vessel at the time of the roll.  (*See id.* at 11.)  The Court rejected this argument as well, finding that neither the plaintiff nor ALMA had submitted "any evidence that the cargo on the port side was actually more damaged or weaker than any of the rest of the cargo."  *Cooper*, 2008 WL 2952356 at *3.  Because plaintiff and ALMA "fail[ed] to make a sufficient showing to establish the existence of an element essential to [their] case"-- that is, they had failed to offer any evidence to prove the existence of a hidden defect in the port side cargo--the Court granted summary judgment in favor of the vessel interests.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Cooper*, 2008 WL 2952356 at *5.

In its Rule 59(e) motion, ALMA focuses exclusively on the port side cargo.  (*See* R. Doc. 87-2 at 1, 3, 4-5.)  To compensate for the lack of evidence regarding the cargo's supposedly weakened state, ALMA reasons that there can be no other explanation for the accident:

> It is uncontroverted that the port side cargo at issue here was the only cargo that spontaneously fell during the discharge operation.  Clearly, the condition of this particular cargo must have been weaker in order for it to collapse without apparent reason.  None of the other, admittedly shifted cargo, collapsed in the same manner as

>   the cargo which injured plaintiff.  There is no other
>   logical explanation except that this particular cargo
>   was, in fact, weaker.

(*Id.* at 3.)

This showing is not sufficient to establish a genuine issue of material fact, let alone "clearly establish ... a manifest error of law or fact." *Ross*, 426 F.3d at 763.  To defeat a motion for summary judgment, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex*, 477 U.S. at 324 (quoting FED. R. CIV. P. 56(e)).  As the Fifth Circuit has explained:

>   This burden is not satisfied with some metaphysical doubt
>   as to the material facts, by conclusory allegations, by
>   unsubstantiated assertions, or by only a scintilla of
>   evidence.  We resolve factual controversies in favor of
>   the nonmoving party, but only when there is an actual
>   controversy, that is, when both parties have submitted
>   evidence of contradictory facts.  We do not, however, in
>   the absence of any proof, assume that the nonmoving party
>   could or would prove the necessary facts.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal quotation marks and citations omitted).

ALMA's unsubstantiated explanation of what "clearly" happened on the vessel falls far short of this standard.  Though ALMA claims that a hidden defect is the only "logical explanation" for the accident in light of the fact that none of the other unstable cargo toppled (*see* 87-2 at 3), ALMA gives no reason why the particular

timing and location of the accident was not simply the product of chance.  "[I]n the absence of any proof" as to the existence of a hidden defect in the port side cargo, summary judgment was entirely appropriate on that issue.  *Little*, 37 F.3d at 1075.  Moreoever, in the absence of (1) a showing that the entry of summary judgment rested on a "manifest error of law or fact" or (2) the introduction of "newly discovered evidence," neither of which ALMA has done, the Court will not disturb its prior judgment.  *Ross*, 426 F.3d at 763.  The Court is satisfied that its ruling on port side cargo failure to warn claim was not clearly erroneous.

ALMA's remaining arguments, which all assume the existence of a defect in the port side cargo, are irrelevant in light of ALMA's failure to offer any evidence relative to such a defect.  (*See* R. Doc. 87-2 at 4 (arguing that the defect in the port side cargo was not obvious); *id.* (arguing that the vessel interests had a duty to warn of conditions that might have caused the defect in the port side cargo); *id.* at 5 (arguing that, even if the defect in the port side cargo was obvious, the "no alternative" exception applies).)  Moreover, these arguments simply re-frame and re-argue points that were extensively briefed in the opposition and two replies that ALMA filed in response to the initial motion for summary judgment.  (*See* R. Doc. 54-1; R. Doc. 74-1; R. Doc. 78-1.)  Because Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised

before the entry of judgment," *Templet,* 367 F.3d at 478-79, ALMA's motion must be denied.

One final detail deserves mention.  ALMA filed a reply brief on October 1, 2008, arguing that newly obtained deposition testimony undermines the Court's July 28 Order.  (*See* R. Doc. 94.) The Court is doubtful that this new evidence affects its earlier ruling regarding the condition of the port side cargo.[2]  In any case, the Court declines to consider ALMA's new arguments because they were presented for the first time in a reply brief filed long after the initial motion was filed.[3]  *See Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008) ("[A]rguments cannot be raised for the first time in a reply brief.").  If ALMA believes that the new evidence meets the standards established by Rule 59(e) and/or Rule 60(b), it must submit the evidence as an attachment to a new motion.

---

[2] The testimony concerns the vessel captain's supposed unfamiliarity with baler twine and his view that knowledge of the roll to port would have been helpful to the stevedore.

[3] This limitation is particularly important in light of Rule 59(e)'s strict ten-day filing limit.  If the Court were to permit new arguments to be made and new evidence to be introduced in reply briefs filed months after the entry of judgment, a party could circumvent Rule 60(b)'s more exacting requirements by filing a "placeholder" motion under Rule 59(e) and following up later with reply briefs containing new arguments and evidence.

## IV. CONCLUSION

For the foregoing reasons, intervenor American Longshore Mutual Association's Motion for Reconsideration of the Court's July 28, 2008 Order is DENIED.

New Orleans, Louisiana, this 25th day of November, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE