UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAIME COOPER                                    CIVIL ACTION

VERSUS                                          NO: 06-892

FAITH SHIPPING, ET AL.                          SECTION: R

**<u>ORDER AND REASONS</u>**

Defendant Companhia Industrial Do Sisal-Cisal ("Cisal") recently filed a Motion for Relief from Judgment, for Stay of Execution, and for Dismissal (R. Doc. 141). In this motion, it requested that the Court stay the execution of its July 2, 2009, default judgment. During oral argument on the motion, the Court noted that the parties had not adequately addressed the issue of the stay or whether a supersedeas bond should be posted as security, and it ordered supplemental briefing.

The parties have now addressed the issue of whether the Court should issue a stay. Cisal's position has changed slightly. It now requests that the Court enter a protective order to stay post-judgment discovery until it disposes of Cisal's motion for relief from judgment. In addition, although Cisal states in its motion that it does not presently seek a full stay of execution of the judgment, it ultimately asks for "an unsecured stay on execution of the judgment" in addition or as an alternative to a protective order.[1] The Court rules as follows.

---

[1] R. Doc. 171 at 4-5.

**I. Protective Order Over Post-Judgment Discovery**

The Federal Rules of Civil Procedure allow a judgment creditor to obtain discovery from the judgment debtor "[i]n aid of the judgment or execution."[2]  Such discovery may "proceed according to the federal rules governing pre-trial discovery, or according to state practice."[3]  The Federal Rules further indicate that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" that might be imposed by discovery.[4]

Cisal asks this Court for a protective order staying post-judgment discovery until it rules on Cisal's motion for relief.  Cisal notes that the parties had entered into an agreement under which plaintiff agreed to suspend discovery until the Court heard Cisal's motion.  Cisal asks that the Court "keep this moratorium in effect until the pending motion is decided."[5]

Plaintiff, however, opposes this suggestion.  It indicates that it agreed only to suspend discovery in ancillary garnishment proceedings against Twine Producers Sales, Inc., and Agricultural

---

[2] FED. R. CIV. P. 69(a)(2); *see also Natural Gas Pipeline of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1405 (5th Cir. 1993).

[3] *Id.*

[4] FED. R. CIV. P. 26(c)(1).

[5] R. Doc. 171 at 3.

Twine Manufacturers, Inc. Cisal has forcefully argued that it is independent from these two entities.[6] The Court has therefore not been given any reasons why it should issue a protective order to continue an agreement to which Cisal was never a party.

Cisal's other rationale for the protective order is that it should not be required to expend resources on discovery conducted on a "questionable default judgment." Cisal has moved for relief from this judgment, but the Court has not ruled on the motion and the judgment is therefore still in effect.[7] Cisal has already signaled its disagreement with the default judgment by filing its motion for relief from it, but this does not automatically entitle it to a protective order from post-judgment discovery. "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that 'the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'"[8] Cisal has accordingly failed to demonstrate good cause for the

---

[6] *See* R. Doc. 161-2 at 2-3.

[7] FED. R. CIV. P. 60(c)(2) (motion for relief from judgment "does not affect the judgment's finality or suspend its operation"); *see also Santa Fe Snyder Corp. v. Norton*, 385 F.3d 884, 888 (5th Cir. 2004).

[8] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.3d 1323, 1326 n.3 (5th Cir. 1978)).

3

issuance of a protective order.

**II. Unsecured Stay**

As an alternative or in addition to the protective order, Cisal also suggests that this Court enter an unsecured stay of the execution of its default judgment. Federal Rule of Civil Procedure 62(b), which governs stays while a Rule 60 motion for relief from judgment is pending, provides that a Court may stay the execution of a judgment "[o]n appropriate terms for the opposing party's security." Cisal's proposal — that it provide no security at all — plainly does not constitute "appropriate terms." In fact, the Supreme Court has noted that "[t]he district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal of the court provides for the security of the judgment creditor."[9] Cisal's suggestion that it be granted a stay in the absence of security must therefore be rejected.

A supersedeas bond is an appropriate method of providing security for a stay under Rule 62(b).[10] The Local Rules for this

---

[9] *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996) (citing FED. R. CIV. P. 62(b)).

[10] *See Aunt Sally's Praline Shop, Inc. v. United Fire & Cas. Co.*, No. 06-7674, 2008 WL 4776947, at *1 (E.D. La. Oct. 29, 2008). Several courts have held that Rule 62(b) does not require that the security be a supersedeas bond. *See Ireland v. Dodson*, No. 07-4082, 2009 WL 1559784, at *1 (D. Kan. May 29, 2009); *Am. Family Mut. Ins. Co. v. Miell*, No. 04-142, 2008 WL 746604, at *2-

4

District indicate that "[a] supersedeas bond staying execution of a money judgment shall be in the amount of the judgment plus 20% of the amount to cover interest, costs and any award of damages for delay, unless the court directs otherwise."[11]  This is in accordance with courts' typical practice of setting the amount of the bond to include "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for the delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond."[12]

A court may set the amount of a supersedeas bond for less than this amount, although the Fifth Circuit has held that, in so doing, it should "place the burden on the moving party do objectively demonstrate the reasons for such a departure."[13]  For example, a judgment debtor that has a present ability to pay a judgment may "present[] to the court a financially secure plan for maintaining that same degree of solvency," or if a debtor is unable to afford the bond, the court may design an alternate

---

3 (N.D. Iowa Mar. 19, 2008) (Magistrate Judge).

    [11] E.D. La. R. 62.2.

    [12] *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (quoting predecessor rule to FED. R. CIV. P. 62).

    [13] *Id.*

method of securing protection for the judgment creditor.[14]

Cisal has presented no such alternative plan for security. In response, it notes that one of the goals of a supersedeas bond is to preserve the status quo,[15] and that because it does not have any assets in Louisiana, forcing it to post a bond here would disrupt the status quo. It further suggests that plaintiff filed his lawsuit in a "questionable jurisdiction" and will have to take his judgment to Brazil for collection.

Cisal cites to no authority for the proposition that, because its assets are located in Brazil, Rule 62(b)'s requirement of "appropriate terms for the opposing party's security" is waived. It is correct that one goal of a supersedeas bond is to preserve the status quo, but a coordinate goal is to protect the rights and interests of the nonmoving judgment creditor who has secured a favorable judgment that the debtor seeks to hold in abeyance.[16] The Fifth Circuit has noted that these dual purposes typically require that the amount of the bond include the whole amount of the unsatisfied judgment, plus costs.[17]

---

[14] *Id.*

[15] *See id.* at 1190.

[16] *Id.* at 1190-91.

[17] *Id.* at 1191 ("The nature of the bond's dual protection rule requires that these conditions normally be imposed.").

That Cisal believes that plaintiff filed in a "questionable jurisdiction" does not affect the analysis. Jamie Cooper, a citizen of Louisiana, filed suit in Louisiana after being injured in Louisiana, allegedly as a result of Cisal's actions. This default judgment was entered after Cisal declined to answer plaintiff's complaint, and before entering it the Court examined whether it had jurisdiction over Cisal.[18] Cisal has filed a Rule 60(b) motion for relief from the judgment, but neither the mere fact of filing this motion nor its view that it will ultimately be successful entitles Cisal to an unsecured stay.[19]

## III. Conclusion

Cisal's request for a protective order is DENIED, as is its request for an unsecured stay on execution of the default judgment. If Cisal seeks a stay on execution of the default judgment, it shall post a supersedeas bond in accordance with Local Rule 62.2.

**New Orleans, Louisiana, this __27th__ day of April, 2010.**

*Sarah Vance*
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**

---

[18] R. Doc. 24 at 6-7.

[19] Fed. R. Civ. P. 60(c)(2).